THE FIRST NATIONAL BANK OF WHITEHALL, Respondent, *v.* MARIA TISDALE, Administratrix, etc., et al., Appellants.

(Argued February 11, 1881; decided March 1, 1881.)

THIS action was brought by plaintiff upon a promissory note executed by Henry G. Tisdale, defendants' intestate, for $7,500, payable to the order of The Whitehall Transportation Company, and indorsed by that company.

The defense was that the note was given without consideration. Defendants claimed and gave evidence tending to show that the note was executed and delivered to plaintiff at the request of its officers, not to be paid by him but to represent that amount of assets, so that the bank might pass an expected examination by the bank examiner, and with the agreement that the bank should protect and care for the paper and that Tisdale should not be called on to pay it. It was claimed by plaintiff and evidence was given showing that the note was given to pay and take up a note of $5,000 made by Tisdale and loaned to the transportation company and a draft of $2,500 drawn by it upon and accepted by him, which paper had been discounted by plaintiff; that the note in suit was thereupon discounted by plaintiff and the avails credited to said company, and the $5,000 note and draft surrendered. The court found with the plaintiff and refused to find an understanding or agreement that the note was to be used to make a better showing with the bank examiner, and that the maker should not be called upon to pay. *Held*, no error; that the court having found that the note was given to take up the other paper, the surrender of these obligations was an ample consideration for the note in suit (*Spencer* v. *Ballou*, 18 N. Y. 327; *Youngs* v. *Lee*, 12 id. 551), and that the alleged agreement was beyond the authority of plaintiff's president to make and did not bind it. (*Bank of U. S.* v. *Dunn*, 6 Peters, 51; *Bank of Metropolis* v. *Jones*, 8 id. 12; *Wyman* v. *Hallowell and Augusta Bank*, 14 Mass. 58.)

Plaintiff gave in evidence under objection and exception the entries in the books of the transportation company in refer-

ence to the paper above mentioned. It appeared that Tisdale was a stockholder, director and the vice-president of that company, had access to and had examined its books. *Held*, that the evidence was properly received; that Tisdale was chargeable with knowledge of the entries (*Allen* v. *Coit*, 6 Hill, 318; *Heartt* v. *Corning*, 3 Paige, 566); also that it was not essential that the entries should be proved by the clerk who made them. (*Ocean Nat. Bank of N. Y.* v. *Carll*, 55 N. Y. 440), distinguished.

The entries made in plaintiff's books proved by the cashier were also received in evidence under objection and exception, the court, however, holding that what the bank did, unless from the circumstances Tisdale was shown to have known it, could not affect him. *Held*, no error.

*A. D. Wait* for appellants.

*James Spencer* for respondent.

MILLER, J., reads for affirmance.
All concur.
Judgment affirmed.