### LINN COUNTY NAT. BANK v. CRAWFORD.

(Circuit Court, D. Oregon. July 31, 1895.)

#### No. 2,108.

1. JURISDICTION OF FEDERAL COURTS—ACTIONS BY NATIONAL BANK RECEIVERS.
    The federal courts have jurisdiction of actions brought by the receiver of an insolvent national bank to realize its assets, irrespective of the citizenship of the parties; and it is immaterial to such jurisdiction whether the action is brought in the receiver's own name, as receiver, or by him in the name of the bank.
2. NEGOTIABLE INSTRUMENTS—ACCOMMODATION NOTES.
    A stockholder and director in a national bank, being aged and infirm of sight, was requested by the president of the bank to give him an accommodation note for $10,000. He replied that if the purpose was to draw money on the note or put it in the bank he would not give it. The president then stated that the note was merely to be put into the hands of his personal creditor as security, and that no money would be needed. A note was accordingly made, but, without the knowledge of the maker, it was payable to the bank, and was, in fact, placed in the bank, and a certificate of deposit for the amount issued to the president, and by him deposited with his creditor, who held it as security until the bank failed. *Held*, that the maker's stipulation that the note should not be used to take money from the bank was apparently made for the bank's benefit, and that, having given a valid accommodation note, he was liable thereon to the receiver of the bank, although his wishes in regard to the manner of its use had not been respected.

This was an action brought by the receiver of the Linn County National Bank, in the name of the bank, against John A. Crawford upon a note for the sum of $10,000. Heard on a motion by defendant for a new trial.

Wirt Minor, for plaintiff.
J. W. Whalley, for defendant.

BELLINGER, District Judge. This is a motion for a new trial upon the grounds: (1) That the court is without jurisdiction; (2) error of the court in refusing to instruct the jury to the effect that, if they believed the statements of the defendant Crawford as to the circumstances under which the note sued on was given, their verdict must be for the defendant.

The action is one by the receiver of the bank, in the bank's cor-

porate name, against Crawford to recover upon a promissory note. For the purposes of this motion, the facts are assumed to be, as testified to by the defendant, as follows: The defendant is about 80 years of age, and infirm of sight. He was a stockholder and director in the Linn County National Bank, and for one or two years prior to the transaction in question was one of a committee of three to examine the bank's loans. Mr. James L. Cowan was president of the bank, and an old and trusted friend of the defendant. After banking hours on May 1, 1893, Cowan sought Crawford at his home, and requested an accommodation note of him for $10,000. Crawford said: "If you are going to draw money on a $10,000 note, or put it in the bank, I won't give it to you." Cowan answered that the note would not go into the bank, nor would there be money needed. He further stated as follows: "It is just an accommodation note for a short time, to put into the hands of a man or a party in Portland, whom I am owing, and I want to put that in his hands as security; and I will give you a note of the same amount, and the same kind of a note, for you to keep, and there will be no money needed on it." The parties went to the bank, when a blank form of note was filled in by Cowan for $10,000, payable to the bank, which was signed by Crawford without knowledge that the note was payable to the bank. At the same time, and as a part of the same transaction, Cowan gave Crawford his note for a like amount, due at the same date upon which Crawford's note matured. The Crawford note was entered in the bank's register of loans by Cowan, who took the bank's certificate of deposit for the amount of the note, which certificate was transferred to Ladd & Tilton, of Portland, to be held by them on account of a debt due them from Cowan.

While it is true that national banks, for the purposes of jurisdiction in actions by or against them, are deemed to be citizens respectively of the state in which they are located, by express provision of section 4 of the act of March 3, 1887, yet it is provided that:

"The provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States or by direction of any officer thereof, or cases for winding up the affairs of any such bank." 24 Stat. 552; Supp. Rev. St. 614.

Under this provision this court has jurisdiction in cases, like the present, where the receiver is engaged in winding up the affairs of a national bank. Armstrong v. Trautman, 36 Fed. 275. I am of the opinion that it is immaterial whether the action is brought by the receiver in his own name as receiver or by him in the name of the bank. The thing material to the jurisdiction is the fact that the whole property of the bank has been vested by operation of law in the receiver; that the bank's affairs, as an insolvent corporation, are in the control of the comptroller of the United States treasury, and are being wound up under his direction.

The next question to be considered is that of Crawford's liability upon the facts as stated by himself. Is the verdict consistent

with these facts? There was other testimony in the case, consistent with that of Crawford, tending to show that the bank was forced to suspend shortly after this transaction, and, generally, that its affairs were such as to make it imprudent to make any considerable loans of money about that time. Upon this testimony the jury might properly conclude, and from this testimony I am of the belief, that the condition imposed by Crawford when he made the note, if there was such condition, was in the interest of the bank rather than of himself. There was no condition as to his liability. He knew that the note was to go into the hands of third parties, to be held against him on Cowan's account. He does not state that he knew to whom Cowan intended to transfer the note, but only that it was to go to some creditors of Cowan in Portland. If the note was to be used as his testimony indicates, there was nothing to prevent Cowan's transferee from discounting the note at any bank in Portland or in Oregon, excepting only the Linn County National Bank. The understanding between Cowan and Crawford, as testified to by the latter, was perfectly consistent with any use by the Portland parties, whoever they were, to which all negotiable instruments of that character are subject, so long as it was not used to draw money out of the Linn County National Bank, or, what must mean the same thing, was not put in that bank. Crawford's position and liability were not in the least changed by the fact that that particular bank became the owner or payee of the note, as it might not do consistent with his understanding, instead of such ownership passing to some other bank, as it might do consistent with such understanding. The case, therefore, warrants, if it does not require the conclusion that Crawford's alleged stipulation was intended to keep the note out of the Linn County Bank, in order that the bank's cash resources to meet the demands of depositors should not be thereby affected. He said, in effect: "You may transfer this note as you see fit; you may set it afloat in the channels of negotiable paper,—provided, only, that you take care that it is not used to diminish the cash assets of the Linn County National Bank." He might rely upon Cowan, as the president of the bank and holder of the note, to prevent that result. It could make no difference to Crawford, as the maker of the note, that his understanding in that regard was not respected. Moreover, the testimony tends to prove that the understanding of Crawford, as testified to by him, was substantially, if not exactly, carried out; that, instead of an accommodation note transferred to parties who were creditors of Cowan in Portland, there was a note made to the Linn County Bank, from which a certificate of deposit was taken for the amount of the note, which certificate was deposited with Cowan's Portland creditors, and held by them until after the bank closed its doors.

"It is immaterial that paper executed or indorsed for accommodation is not used in precise conformity with agreement, when it does not appear that the accommodation party had any interest in the manner in which the paper was to be applied. No change in the mere mode or plan of raising the money,

though not applied to the purpose intended by the accommodation party, will constitute a misappropriation. In order to constitute a misappropriation, there must be a fraudulent diversion from the original object and design; and it is now well settled that when a note is indorsed for the accommodation of the maker, to be discounted at a particular bank, it is no fraudulent misappropriation of the note if it is discounted at another bank, or used in the payment of a debt, or otherwise for the credit of the maker." 1 Daniel, Neg. Inst. § 792.

In this case the note was intended for the use of Cowan, to be applied by him to secure his debt to some unnamed third person. It was intended that the note should pass to such person, between whom and Crawford the relation of maker for value and payee would exist. In other words, Crawford intended that the note should be transferred for Cowan's benefit, and that the transferee or any subsequent holder should have the right to exact payment from him, as the receiver seeks to do in this case. The note sued on was used for Cowan's benefit in the particular matter intended, but not in the precise mode intended. In my opinion, Crawford is liable upon the facts as testified to by himself. The motion for a new trial is denied.