# Lyons *v.* Benney, Appellant.

*Corporations—Receiver—Insolvency—Fraud of creditors—Promissory note—Affidavit of defense.*

1. While the general rule undoubtedly is that the receiver of an insolvent corporation has no greater rights than those possessed by the corporation itself and a defendant in a suit brought by him may take advantage of any defense that might have been made if the suit had been brought by the corporation before its insolvency, it is equally true that when an act has been done in fraud of the rights of the creditors of the insolvent corporation the receiver may sue for their benefit, even though the defense set up might be valid as against the corporation itself.

2. One who voluntarily gives his obligation to a bank for the purpose of taking up another obligation and of being exhibited as one of its assets to a supervising officer of the government having supervision and control of its affairs, is estopped to deny want of consideration upon the insolvency of the bank when a receiver brings an action upon the note for the benefit of the creditors of the institution.

3. In an action on a promissory note by the receiver of an insolvent bank an affidavit of defense is insufficient which avers substantially that the defendant made and delivered the note in suit to the bank in furtherance of a scheme to deceive the bank examiner, under a promise made to him by the bank that he would not be held liable upon the obligation.

Argued Oct. 25, 1910.   Appeal, No. 31, Oct. T., 1910, by defendant, from order of C. P. No. 1, Allegheny Co., March T., 1909, No. 124, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Robert Lyons, receiver of the Cosmopolitan National Bank of Pittsburg, v. G. A. Benney.  Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Assumpsit upon a promissory note.   Before MACFARLANE, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*F. C. McGirr,* with him *John Marron,* for appellant.— The general rule of law is that a receiver simply takes the place of the bank and has no greater rights than the bank in attempting to collect the debts of the bank: Barclay v. Edlis Barber Supply Co., 39 Pa. Superior Ct. 482; Lincoln v. Fitch, 42 Me. 456; Republic Life Ins. Co. v. Swigert, 135 Ill. 150.

A receiver appointed by the comptroller of the currency represents the corporation only, and not the creditors: Scott v. Armstrong, 146 U. S. 499; Hatch v. Johnson Loan & Trust Co., 79 Fed. Repr. 828.

*Wm. S. Moorhead,* with him *John S. Wendt,* for appellee.—In view of the fact that the plaintiff's bank is insolvent and the receiver is suing to recover this asset for the benefit of the creditors of the bank, the defendant, under the circumstances of this case, is estopped to set up the collateral agreement nullifying his written obligation which he executed and delivered to the bank to be accepted and used as an asset in place of a similar obligation which was objected to by the bank examiner: State Bank v. Kirk, 216 Pa. 452; Skordal v. Stanton, 89 Minn. 511; People's Bank v. Stroud, 223 Pa. 33; Hurd v. Kelly, 78 N. Y. 588; Pauly v. O'Brien, 69 Fed. Repr. 460; Harrington v. Connor, 51 Neb. 214; Third National Bank v. Reichert, 101 Mo. App. 242; Cushing v. Perot, 175 Pa. 66; King v. Pomeroy, 121 Fed. Repr. 287; Ins. Co. v. Swigert, 135 Ill. 150.

Opinion by Mr. Justice Brown, January 3, 1911:

The appellant admits that he executed the note in suit and that the Cosmopolitan National Bank of Pittsburg was the holder of it at the time its insolvency resulted in the appointment of the appellee as its receiver. The defense set up by the maker to avoid his obligation is that sometime prior to July 22, 1908—the day his note was made—the bank was the holder of another obligation made by the Colonial Concrete-Steel Company and in-

dorsed by F. H. McKinnie, vice president of the bank; that the bank had been carrying this note for some time, and, upon objection by the bank examiner to its being longer carried, the note in suit, under an arrangement between McKinnie and the bank, was executed to take its place; that it was understood and agreed between the bank, McKinnie and the defendant at the time he signed the note that he did so only to accommodate and oblige the bank and McKinnie, and that the defendant was not to be personally liable on the same, McKinnie alone being bound for its payment. The substance of this affidavit of defense is that the appellant made and delivered his note to the bank in furtherance of a scheme to deceive the bank examiner, under a promise made to him by the bank that he would not be held liable upon the obligation. He agreed that it should appear as one of the assets of the institution for the purpose of deceiving those whose duty it was to examine them, and he now sets up the defense that, as it was to serve no other purpose, it is to be regarded as a worthless piece of paper under this agreement with the bank. Whether the bank, if it were now carrying on business as a solvent institution, could enforce payment of the note, assuming the averments in the affidavit of defense to be true, was not the question before the court below on the rule for judgment, for the note had passed into the hands of the receiver of the insolvent bank, and as a representative not only of it, but of its creditors, he brought the suit: Cushing v. Perot, 175 Pa. 66.

While the general rule undoubtedly is that the receiver of an insolvent corporation has no greater rights than those possessed by the corporation itself and a defendant in a suit brought by him may take advantage of any defense that might have been made if the suit had been brought by the corporation before its insolvency, it is equally true that when an act has been done in fraud of the rights of the creditors of the insolvent corporation the receiver may sue for their benefit, even though the defense set up might be valid as against the corporation itself. In such a case

he may maintain an action which the corporation itself could not. Franklin National Bank v. Whitehead and Others, 149 Ind. 560; 5 Thompson on Corporations, sec. 4945. What was it that this appellant did? The only inference to be drawn from his affidavit of defense is that, in executing and delivering his note to the bank, he helped along a trick to make it appear to the bank examiner and, for that matter, to the creditors of the bank, that it had a valuable note, when, in fact, it had not. In Pauly v. O'Brien, 69 Fed. Repr. 460, the defendant, in substituting his own note, at the instance of the bank, for one which it held against a maker named Naylor, did substantially what was done by this appellant, and, in holding that the defense of want of consideration was unavailing, it was properly said: "When parties employ legal instruments of an obligatory character for fraudulent and deceitful purposes, it is sound reason, as well as pure justice, to leave him bound who has bound himself. It will never do for the courts to hold that the officers of a bank, by the connivance of a third party, can give to it the semblance of solidity and security, and, when its insolvency is disclosed, that the third party can escape the consequences of his fraudulent act. Undoubtedly, the transaction in question originated with the officers of the bank, but to it the defendant became a willing party. . . . So far as appears, Naylor was a total stranger to him. Why should he execute his note to take up the note of Naylor? What moved him to do it, except to enable the officers of the bank to supplant the overdue note of Naylor with a live note, which he now insists was without consideration and purely voluntary, but which enabled the bank officers to make a deceptive, and therefore fraudulent, showing of assets? Obviously, nothing." So this appellant was a party to a scheme of the officers of the bank to enable them to make a deceptive and fraudulent showing of assets, and as the fraud was perpetrated upon the creditors, now represented by the bank's receiver, he can maintain an action on the note for their benefit.

In holding that the appellant's affidavit was insufficient the court below relied upon the State Bank of Pittsburg v. Kirk, 216 Pa. 452, and People's Bank v. Stroud, 223 Pa. 33, and under those cases judgment for the plaintiff could not have been withheld. In each of them we held that the appellee, as receiver of an insolvent state bank, represented not only it, but its creditors, and counsel for the appellant have failed to convince us that the same rule does not apply to a receiver of a national bank appointed by the comptroller of the currency. Nor have we been persuaded that only directors or trustees of a corporation who have given notes for the purpose of increasing its assets or restoring its capital, should not be allowed to set up want of consideration in an action on the obligations by a receiver. In People's Bank v. Stroud the obligors on the note were neither directors nor trustees. True, they were sureties upon the cashier's bond, but the decision against them rested, after all, upon the underlying principle that one who voluntarily gives his obligation to a bank for the purpose of taking up another obligation, and of being exhibited as one of its assets to a supervising officer of the government having supervision and control of its affairs, is estopped to deny want of consideration upon the insolvency of the bank when a receiver brings an action upon the note for the benefit of the creditors of the institution. Neither the law nor good conscience can sanction the contention of the defendant that he ought to be permitted to take advantage of the fraudulent agreement between him and the bank to which its creditors were not parties and for whom the receiver sues.

Judgment affirmed.