(84 Misc. Rep. 400)

## SCANTLEBURY v. TALLCOTT.

(Supreme Court, Appellate Term, First Department.   March 5, 1914.)

BILLS AND NOTES (§ 46*)—REQUISITES—FORM AND CONTENTS—RECITALS AFFECTING CHARACTER OF INSTRUMENT.

That a writing promising to pay a certain sum on a certain date, with interest, also contained a receipt for the money loaned did not affect its legal character as a promissory note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 64; Dec. Dig. § 46.*]

2. PRINCIPAL AND AGENT (§ 136*)—CONSTRUCTION AND OPERATION—PARTIES.

An alleged agent, who signed a promissory note personally, the name of his principal not appearing on the note, was liable thereon, even though the payee knew that he was merely an agent; it being competent for him to make himself personally liable.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. § 136.*]

3. BILLS AND NOTES (§ 92*)—REQUISITES AND VALIDITY—CONSIDERATION—SUFFICIENCY.

The advance by the payee of a note to the party signing it of the amount thereof, for the benefit of a company of which the party signing was treasurer, was a sufficient consideration to support the obligation of such party, no matter whether he retained the money personally or delivered it to the company ; the loan being on the strength of his credit.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–205, 208–212; Dec. Dig. § 92.*]

Appeal from City Court of New York, Special Term.

Action by Francis H. Scantlebury against Chester W. Tallcott. From an order setting aside a directed verdict for the plaintiff, and from a judgment dismissing his complaint, plaintiff appeals. Reversed, and verdict reinstated.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued February term, 1914, before SEABURY, GUY, and DE-LANY, JJ.

Emil Breitenfeld, of New York City, for appellant.   .

Benjamin, Shepard, Houghton & Taylor, of New York City (Woolsey A. Shepard, of New York City, of counsel), for respondent.

SEABURY, J.   [1] The plaintiff, as assignee of the Oeking Company, sues for a balance of $1,500 remaining unpaid upon the following note, signed by the defendant.

"New York, 7/8/13

"Received from the Oeking Company two thousand five hundred 00/100 dollars, which I promise to pay July 10th, 1913, with 6% interest per annum.

"Chester W. Tallcott."

The proof shows that the Oeking Company loaned $2,500 to the defendant, who was the treasurer of the Ernst Wiener Company, which was in need of money. The loan was made by giving its check to the order of the defendant for this amount. The check was indorsed by the defendant.

[2] The court below held that the defendant was not liable upon the note because the loan was in fact made to the Ernst Wiener Company, although the check for the money was made payable to the defendant personally. This circumstance furnished no ground for relieving the defendant from liability. The Ernst Wiener Company was in need of money, and the plaintiff's assignor loaned this money to the defendant, and took back the personal note of the defendant. The defendant was none the less liable upon this note because he obtained the money for the benefit of the corporation of which he was treasurer, instead of for his own personal benefit. The legal character of the instrument sued upon as a promissory note is in no respect changed because it was also a receipt for the money which the plaintiff's assignor paid to the defendant. Nor is there anything in the case which indicates that the defendant was to be secondarily liable for the debt rather than he should become the principal debtor.

[3] The name of the Ernst Wiener Company did not appear on the note, and the defendant was liable upon it even though the plaintiff's assignor knew that the defendant was merely the agent of the Ernst Wiener Company. 7 Cyc. 549. Even if the defendant was the agent of the Ernst Wiener Company, it was nevertheless competent for him to make himself personally liable for the money which the plaintiff's assignor loaned. Phelps v. Borland, 30 Hun, 362. The advance by the plaintiff's assignor of the money to the defendant for the benefit of the Ernst Wiener Company was a sufficient consideration to support the obligation of the defendant, and it was entirely immaterial whether the money advanced was retained by the defendant personally, or was delivered by him to the Ernst Wiener Company. Washington Bank v. Ferguson, 43 App. Div. 74, 79, 59 N. Y. Supp. 295; Isaacson v. Etkin, 148 App. Div. 219, 132 N. Y. Supp. 1044; First National Bank of Whitehall v. Tisdale, 18 Hun, 151, affirmed 84 N. Y. 655.

In discussing this case, we have adopted the view most favorable to the respondent, and have assumed that the money was advanced to

the defendant for the benefit of the Ernst Wiener Company, although an examination of the record shows that this is by no means conceded, and there is evidence in support of the plaintiff's contention that the money was advanced personally to the defendant. The money having been advanced on the strength of the defendant's credit, it makes no difference whether he personally benefited by it, or whether he turned it over to a corporation of which he was a stockholder and treasurer. In either view the note sued upon is a valid obligation of the defendant; and, no defense having been proved, it follows that the order of the court below, setting aside the verdict directed in favor of the plaintiff, should be reversed with costs, and the verdict of the jury reinstated with costs to the appellant. All concur.