YATES CENTER NAT. BANK v. LAUBER.

(District Court, D. Kansas, Third Division. March 25, 1915.)

No. 187.

BILLS AND NOTES ⬦106—CONSIDERATION—LEGALITY—FRAUD.

Where, to enable bank officials to conceal the true financial condition of the bank, defendant without consideration executed his note payable to the bank to be held by it in lieu of worthless notes, it being agreed that defendant's note might be discharged by a return of the worthless notes then delivered to defendant, the transaction is fraudulent, and the note is unenforceable in the hands of the bank.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 219, 225–232.]

At Law. Action by the Yates Center National Bank against W. H. Lauber. Judgment for defendant.

Altes H. Campbell, of Iola, Kan., for plaintiff.

George R. Stephenson, of Yates Center, Kan., and F. J. Oyler, of Iola, Kan., for defendant.

POLLOCK, District Judge. This is an action by the Yates Center National Bank, a national banking association, now insolvent and in the hands of a receiver, to recover the contents of a promissory note made by defendant to the bank in amount of $5,300.

From the evidence it is seen no consideration moved from the bank to defendant for the making of the note in controversy. On the contrary, it clearly appears there were in the bank certain worthless notes made by one W. G. Toedman and his wife; that said notes were turned over to defendant in pursuance of the following agreement:

"Yates Center, Kansas, October 4, 1913.

"It is hereby agreed by the Yates Center National Bank of Yates Center, Kansas, that notes of W. G. Toedman and Pauline Toedman, his wife, amounting to five thousand three hundred dollars ($5,300), are to be accepted as in full payment of the note of W. H. Lauber for five thousand three hundred dollars ($5,300), dated October 1, 1913, due November 1, 1913, and that the Yates Center National Bank is to have no recourse against the said W. H. Lauber in payment of his said note except of W. G. Toedman and Pauline Toedman above mentioned, said notes being described as follows: No. 4420, dated Aug. 12, 1913, $800, due Nov. 11, 1913. No. 44684, dated Sept. 5, 1913, due Dec. 4, 1913, No. 44685, dated Sept. 9, 1913, $1,000, due Dec. 8, 1913. No. 44788, dated Sept. 5, 1913, $1,500, due Dec. 4, 1913. Total $5,300. The Yates Center National Bank, Yates Center, Kansas, by C. G. Ricker, President."

The purpose of the transaction was to assist the president and general managing officer of the bank by concealing its true financial condition. While the arrangement was at the earnest solicitation of the bank, yet it is beyond the credulity of man to believe all parties connected therewith were not aware of its actual purpose, for the natural, necessary, and inevitable result of such a scheme as these writings portray was to accomplish the very result desired by Ricker as president and managing officer of the bank.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It follows, however much of reluctance one may have in permitting the maker of the note in controversy to escape payment, yet the illegality of the entire matter so clearly appears as to prevent a court of justice from affording any relief based thereon. In this regard the case is on a par with Cutler, Receiver, v. Fry (D. C.) 240 Fed. 238, this day determined.

It follows judgment must go for the defendant.

It is so ordered.