### CUTLER v. FRY.

(District Court, D. Kansas, Third Division. March 25, 1915.)

No. 163.

1. BANKS AND BANKING ☞287(1.)—RECEIVERS—RIGHTS OF.

A receiver of the assets of an insolvent bank has no greater right in obligations payable to the bank than the bank itself.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1126, 1127.]

2. BILLS AND NOTES ☞106—ACTIONS—ILLEGAL TRANSACTION.

A note, executed by defendant for accommodation and without consideration to enable bank officials to conceal their defalcations from depositors and governmental inspectors, is tainted with fraud; so, the rights of no innocent purchaser for value having intervened, it cannot be enforced by the bank or its receiver, though the transaction was such that defendant must have known that the purpose of the note was to conceal the bank's financial condition.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 219, 225–232.]

At Law. Action by Alexis C. Cutler against Dan F. Fry. Judgment for defendant.

Altes H. Campbell, of Iola, Kan., for plaintiff.

Ewing, Gard & Gard, of Iola, Kan., for defendant.

POLLOCK, District Judge. This is an action brought by the receiver of the Yates Center National Bank, an insolvent national banking association, to recover from defendant the amount of a promissory note made by him to the bank, October 7, 1913, for $2,500.

It is clear from the evidence produced on the trial there was no consideration whatever for the making of this note. On the contrary, defendant was induced to make it solely as an accommodation to the bank at the earnest solicitation of its president and general managing officer, C. G. Ricker; the purpose on the part of that official of the bank evidently being to assist him in concealing his defalcations in the bank. Not only does the want of consideration for the making of the note appear from parol evidence received at the trial, but contemporaneously with the making of the note in controversy the bank, through its president and managing officer, Ricker, executed and delivered to

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant the following instrument in writing, which clearly shows the utter want of good faith in the entire transaction:

"Yates Center, Kansas, October 7, 1913.

"It is hereby agreed by the Yates Center National Bank of Yates Center, Kansas, that a note of C. G. Ricker amounting to twenty-five hundred dollars ($2.500) is to be accepted as in full payment of a note of Dan J. Fry for twenty-five hundred dollars ($2,500) dated October 7, 1913, due on or before ninety days after date, and that the Yates Center National Bank is to have no recourse against the said Dan J. Fry in payment of his said note above mentioned except the note of C. G. Ricker also above mentioned.

"The Yates Center National Bank,
"By C. G. Ricker, President."

[1, 2] The defense of utter want of consideration for the making of the note being thus established, it is clear judgment must go for defendant unless, as contended by plaintiff, the very truth of the transaction, as stated, in its necessary result, tends to work such a fraud on the creditors of the bank represented by the receiver as of right should preclude defendant from proving the fraudulent character of the transaction. In support of this proposition, the case of Pauly v. O'Brien (C. C.) 69 Fed. 460, is cited and relied upon, in which it is said:

"If, however, this was not really the case, but that, in truth, the transaction was a mere trick to make it appear to the government and to the creditors and stockholders of the bank that it had a valuable note when in fact it did not have one, the result must be the same, for, when parties employ legal instruments of an obligatory character for fraudulent and deceitful purposes, it is sound reason, as well as pure justice, to leave him bound who has bound himself. It will never do for the courts to hold that the officers of a bank, by the connivance of a third party, can give to it the semblance of solidity and security, and, when its insolvency is disclosed, that the third party can escape the consequences of his fraudulent act. Undoubtedly, the transaction in question originated with the officers of the bank, but to it the defendant became a willing party. It would require more credulity than I possess to believe that the defendant, when his brother, who was the bookkeeper of the bank, came to him with the proposition of its vice president, in its every suggestion and essence deceptive and fraudulent, did not know its true character and purpose. So far as appears, Naylor was a total stranger to him. Why should he execute his note to take up the note of Naylor? What moved him to do it, except to enable the officers of the bank to supplant the overdue note of Naylor with a live note, which he now insists was without consideration and purely voluntary, but which enabled the bank officers to make a deceptive, and therefore fraudulent, showing of assets? Obviously, nothing. There will be judgment for the plaintiff for the amount due upon the note sued upon, according to its terms, with costs."

However, the rights of the receiver of the bank to recover on the note in question rise no higher than the rights of the bank had insolvency not intervened. There can be no doubt, had the note in question come into the hands of an innocent holder for value before its maturity, in such hands it would be enforceable regardless of the separate contemporaneous agreement, but in the hands of the original payee, or its receiver, as is this case, both the note and the contemporaneous agreement constituted the entire contract between the parties, and, when the agreement thus formed is presented, the illegality of the whole matter so clearly appears the court will leave the parties where it finds them by refusing all relief. Rankin v. City National Bank, 208

U. S. 541, 28 Sup. Ct. 346, 52 L. Ed. 610; McMullen v. Hoffman, 174 U. S. 639, 19 Sup. Ct. 839, 43 L. Ed. 1117; same case, below, Hoffman v. McMullen, 83 Fed. 372, 28 C. C. A. 178, 45 L. R. A. 410.

It follows judgment must enter in favor of defendant for costs.

It is so ordered.