### YATES CENTER NAT. BANK v. SCHAEDE.

(District Court, D. Kansas.    March 25, 1915.)

BILLS AND NOTES ⊜☞106—LEGALITY OF CONSIDERATION.

A note, executed without consideration pursuant to a scheme of the president of a bank to enable him to conceal his defalcations and the bank's true condition, being tainted with illegality, cannot be enforced by the bank.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 219, 225–232.]

At Law.   Action by the Yates Center National Bank, by and to the use of its receiver, against Ferdinand Schaede.   Judgment for defendant.

Affirmed 240 Fed. 241, —— C. C. A. ——.

Altes H. Campbell, of Iola, Kan., for plaintiff.

George R. Stephenson, of Yates Center, Kan., and F. J. Oyler, of Iola, Kan., for defendant.

POLLOCK, District Judge.   This is an action by plaintiff, an insolvent national banking association, now in the hands of a receiver, to recover from defendant the contents of a promissory note for the sum of $1,500 made by the defendant to the bank.   The note in controversy is one of a series of renewal notes made by defendant at the solicitation of the president and general managing officer of the bank. It is the first of a series of like transactions engaged in by the president of the bank to conceal his defalcations in the bank, and the true financial condition of the bank, with paper apparently good, but in fact obtained without consideration, for the purpose of deceiving the Comptroller of the Currency or those whose duty it was to examine into the affairs of the bank, by giving it a false appearance of solvency.

The defense interposed is want of consideration.   Not only is this defense made out, but it further appears that the whole transaction, from the making of the original note to the renewal in controversy, was without consideration, and in pursuance of the illegal and criminal design of the president of the bank.   Such state of facts public policy and good morals alike condemn, and courts refuse to enforce. This case differs in degree only from that of plaintiff against Lauber (D. C.) 240 Fed. 237, and Cutler, Receiver, v. Fry (D. C.) 240 Fed. 238, this day determined.

It follows judgment must go for the defendant.