## KAERCHER et al. v. CITIZENS' NAT. BANK OF ORTONVILLE, MINN., et al.
### No. 9185.

Circuit Court of Appeals, Eighth Circuit.
Feb. 26, 1932.

Carl J. Eastvold, of Ortonville, Minn. (F. W. Murphy and A. R. Johanson, both of Wheaton, Minn., on the brief), for appellants.

Charles E. Chrisman, of Ortonville, Minn., for appellees.

Before KENYON, and GARDNER, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

This is an action for damages arising from an alleged breach of contract. The appellants were plaintiffs and the appellees defendants in the trial court.

Prior to the receivership of the defendant bank, to wit, on September 10, 1924, the plaintiffs entered into an agreement with said bank, by the terms whereof they became accommodation makers of certain notes deposited and held by said bank. Such agreement contained, among others, the following provision: "It is further agreed, by the party of the first part that said accommodation notes are not to be transferred or sold and that the party of the first part agrees that it will at all times defend the parties of the second part in any action, claim or lien that might be brought in which said notes are in any way involved."

The notes and agreement were in the bank when a receiver was appointed on December 22, 1926. Notwithstanding such agreement, the receiver brought suit on said notes, and there was a final adjudication

against him. Andresen v. Kaercher (C. C. A.) 38 F.(2d) 462, 464. Following such final determination, the plaintiffs brought suit for damages against the receiver for his breach of the contract above mentioned. When the pleadings were made up, the trial court sustained a motion of the defendants for a judgment thereon in their favor.

The damages claimed were fixed in the aggregate of $2,050, made up of attorney's fees and other expenses set forth in the petition.

Plaintiffs allege that they are entitled to such damages as same were within the reasonable contemplation of the parties when the contract was made.

1. The trial court apparently sustained the motion of the defendants for judgment on the pleadings, upon the authority of Citizens' Bank & Trust Co. v. Thornton et al. (C. C. A.) 174 F. 752. In that case, recovery of the cost of collecting a note, including attorney's fees, was denied on the ground that the note had not matured when the receivership intervened.

█ The evidence in the instant case shows that the receiver instituted his action upon said notes with full knowledge of the contract. Said contract was considered in Andresen v. Kaercher, supra, and in reference thereto the court aptly characterized the position of a receiver as follows: "The receiver of an insolvent bank stands in no better position than the bank stood as a going concern. Rankin v. City National Bank, 208 U. S. 541, 28 S. Ct. 346, 52 L. Ed. 610; Peterson v. Tillinghast (C. C. A. 6) 192 F. 287; Yates Center Nat. Bank v. Lauber (D. C.) 240 F. 237; Cutler v. Fry (D. C.) 240 F. 238; Yates Center Nat. Bank v. Schaede (D. C.) 240 F. 240; Id. (C. C. A. 8) 240 F. 241."

█ The rule is that a valid contract, subsisting at the time of the appointment of a receiver, cannot be impaired by any act on his part. 53 C. J. § 190, p. 149. This rule is also stated in 23 R. C. L. § 80, in the following language: "He (the receiver) has no power to do any act which will impair the obligation of a binding contract as far as the parties thereto are concerned." See, also, Tardy's Smith on Receivers, Vol. 1, § 34.

█ It follows from the foregoing that, when the receiver took charge of the defendant bank, the above-mentioned contract was a valid and subsisting obligation beyond the power of the receiver to impair. Notwithstanding the specific terms of the contract, the receiver brought suit and suffered an adverse adjudication.

2. Clearly, the receiver breached the contract. He was obliged, under the terms thereof, "at all times" to "defend the parties of the second part in any action, claim or lien, that might be brought in which said notes are in any way involved." Instead of defending the plaintiffs upon said notes, with full knowledge of the contract, he himself instituted an action on said notes.

█ 3. The remaining question is as to the damages recoverable. The general rule is as stated in 17 C. J. § 76. "The damages to which one party to a contract is entitled because of a breach thereof by the other are such as arise naturally from the breach itself, or such as may reasonably be supposed to have been within the contemplation of the parties at the time of making the contract as a probable result of a breach thereof."

█ Undoubtedly the damages contemplated by the parties at the time said contract was entered into would be the cost of defending a suit, including attorney's fees. The costs set out in plaintiffs' petition are assuredly within the contemplation of the parties. The obligation of the receiver was to "defend the parties of the second part in any action, etc." This would necessarily involve an expenditure for attorney's fees and the usual expense of witnesses and similar costs and expenses.

In view of the foregoing, the judgment of the trial court should be reversed.