**DRAKE v. MOORE.**
No. 532–D.

District Court, E. D. Illinois.
April 3, 1936.

Thompson, White & Ingram, of Sullivan, Ill., for plaintiff.

Carl Miller, of Decatur, Ill., for defendant.

LINDLEY, District Judge.

Plaintiff, as receiver of the First National Bank of Monticello, sues defendant upon a defaulted promissory note for $3,000 and interest. Defendant contends that there was no consideration for the instrument.

In March, 1932, the president of the bank announced to defendant's father that the institution's capital had been reduced in such an amount as to make an existing loan to the father of $20,000 excessive in the sum of $2,000. The president testified that he said to the father that he must either pay $2,000 upon the latter's indebtedness or secure its reduction by other proper means, and that the reply was that he would procure his son's signature upon a $2,000 note to take the place of the excess liability. Shortly thereafter the note was executed, both father and son signing same. The father testified that the president suggested that he secure his son's signature to a $2,000 note and that the son would never be called upon to pay the same. The son testified to a similar conversation with the president. The latter emphatically denies that he said there would be no liability upon the part of the son.

The note matured in June, and the capital having been further reduced, so that the $18,000 remaining as an obligation of the father was excessive in the additional sum of $1,000, the son gave a new note to the bank for $3,000 for renewal of the first note and the additional excess of $1,000. The father's indebtedness was thereby cut to $17,000. He did not sign the $3,000 note. This $3,000 note was renewed by a new one in the following September and again in December by the note sued upon. The interest upon the $2,000 and $3,000 notes was paid by the father.

The bank, having closed in the spring of 1933, has been in process of liquidation since. The federal courts uniformly hold that a receiver of a national bank, so far as realization upon obligations is concerned, has no greater rights than the

bank itself.[1] Some state courts hold that receivers of state banks have, by virtue of their representation of creditors, certain additional rights,[2] but such rule the federal courts have declined to follow. The receiver of a national bank is an administrative officer appointed by the comptroller and stands in the shoes of the bank. The question here presented, therefore, is whether the bank itself might sue and recover upon this note.

The parties agree that the note was given to effect a reduction of the liability of the father and that such reduction resulted. The only dispute in fact is whether the president said that the son would never have to pay the note. There were two witnesses as against one upon this proposition. Consequently, without so deciding, I shall assume for the purpose of decision that there was such a parol agreement. But even so, can it be said that the note was because of that fact without consideration, in view of the further fact that the father's indebtedness was reduced by the amount of the son's note?

In many cases it has been held that where notes have been executed and delivered to a bank for the purpose of making an appearance of assets, so as to deceive the examiner and enable the bank to continue business, the makers of such notes are estopped upon the insolvency of the bank to allege lack of consideration.[3]

The courts so holding reason that such a maker is party to a scheme to enable the bank to make a deceptive and fraudulent showing of assets, and as the fraud is perpetrated upon the creditors and perhaps the stockholders of the bank, neither law nor conscience will sanction a defense of no liability, even though such may be the parol agreement.

I prefer, rather than putting my decision on this ground, to approach the issue from the point of view of other legal propositions, deemed by me to be beyond question. The first of these is that there was actual consideration for the note. The bank relinquished $3,000 of its claims against the father and accepted in lieu thereof one of equivalent amount against the son. It is not sufficient that the defendant show no consideration moving to him, though he signed as an accommodation. He is bound by any consideration moving to his father and cannot be allowed to plead as against the holder either at first hand or as an indorsee no consideration.

In Galena Nat. Bank v. Ripley, 55 Wash. 615, 104 P. 807, 809, 26 L.R.A.(N.S.) 993, where a son had given a note to a bank to replace that of his father, the court said: "The undisputed facts and circumstances of this case lead to the inevitable conclusion that the consideration for the notes was the forbearance of the bank from prosecuting or pressing its valid claim against the father's estate. Such forbearance upon its part constituted a good and valid consideration." To same effect are Seager v. Drayton, 217 Mass. 571, 105 N.E. 461; Lyons v. Benney, 230 Pa. 117, 79 A. 250, 34 L.R.A.(N.S.) 105; First State Bank v. Holsen, 245 Ill.App.

---

[1] Skud v. Tillinghast (C.C.A.) 195 F. 1; Peterson v. Tillinghast (C.C.A.) 192 F. 287; Rankin v. City Nat. Bank, 208 U.S. 541, 28 S.Ct. 346, 52 L.Ed. 610; Fourth Street Bank v. Yardley, 165 U.S. 634, 17 S.Ct. 439, 41 L.Ed. 855; In re Chetwood, 165 U.S. 443, 17 S.Ct. 385, 41 L.Ed. 782; Scott v. Armstrong, 146 U.S. 499, 13 S. Ct. 148, 36 L.Ed. 1059; Williams v. Green (C.C.A.) 23 F.(2d) 796; Witherspoon v. Choctaw Culvert & Mach. Co. (C.C.A.) 56 F.(2d) 984; Fiman v. State of South Dakota (C.C.A.) 29 F.(2d) 776; Burrowes v. Nimocks (C.C.A.) 35 F.(2d) 152; Andresen v. Kaercher (C.C.A.) 38 F.(2d) 462; Kaercher v. Citizens' Nat. Bank (C. C.A.) 57 F.(2d) 58; Stapylton v. Teague (C.C.A.) 85 F. 407; Varden v. Church (D.C.) 13 F.Supp. 159; Stewart v. Peoples-Ticonic Nat. Bank (D.C.) 12 F. Supp. 337.

[2] Harrington v. Connor, 51 Neb. 214, 70 N.W. 911; Golden v. Cervenka, 278

Ill. 409, 116 N.E. 273; McComb v. Jacobs, 256 Ill.App. 141; Nelson v. Colegrove, 265 Ill.App. 488; Vallely v. Devaney, 49 N.D. 1107, 194 N.W. 903.

[3] Cutler v. Fry (D.C.) 240 F. 238; Pauly v. O'Brien (C.C.) 69 F. 460; Linn County Nat. Bank v. Crawford (C.C.) 69 F. 532; Robert Lyons, Receiver, v. G. A. Benney, 230 Pa. 117, 79 A. 250, 34 L.R.A.(N.S.) 105; Skagit State Bank v. S. L. Moody, 86 Wash. 286, 150 P. 425, L.R.A.1916A, 1215; Arthur v. Brown, 91 S.C. 316, 74 S.E. 652; McComb v. Jacobs, 256 Ill.App. 141; Golden v. Cervenka, 278 Ill. 409, 116 N.E. 273; Niblack v. Farley, 286 Ill. 536, 122 N.E. 160; Boller v. Feid, 260 Ill.App. 488; First National Bank of Tulsa v. J. D. Boxley, 129 Okl. 159, 264 P. 184, 64 A.L.R. 588; Federal Reserve Bank of Richmond v. Crothers, 289 F. 777 (C.C.A. 4); Footnote Editorial Annotations 64 A.L.R. 595 and 95 A.L.R. 543.

75; Fleming v. Gamble (C.C.A.) 37 F.(2d) 72.

■■ There having been consideration for the note, the question arises immediately as to whether the alleged parol agreement that the bank would not assert any liability against the defendant alters the situation. It is quite generally the law to-day that parol evidence is admissible to show the actual consideration of a written instrument. But it is equally well settled that if ·such evidence shows a valid consideration and in addition an agreement which varies, contradicts, or is at odds with the written promise to pay, such further showing is of no avail. In other words, parol evidence is admissible to show the consideration, but, if there is a valuable consideration, not to show that the promise is void because of a contrary parol agreement.

In Earle v. Enos (C.C.) 130 F. 467, 470, the court had to do with an asserted defense of a parol agreement that the bank would not look to an accommodation maker for payment. The court said:

"I think it is clear that the more rigorous rule concerning the admissibility of parol evidence that prevails in the federal courts would not permit the admission of testimony there to establish the facts set up by the affidavit of defense. Bank of United States v. Dunn, 31 U.S.[6 Pet.] 51, 8 L.Ed. 316, was closely similar in its facts to the present case. It was a suit against an indorser, who offered evidence to prove that when the note was made and indorsed the officers of the bank declared that he would incur no liability by his indorsement, as the payment was secured by a pledge of stock. Of this evidence the court said:

" 'The facts stated by the witness Carr are in direct contradiction to the obligations implied from the indorsement of the defendant. By his indorsement he promised to pay the note at maturity, if the drawer should fail to pay it. The only condition on which this promise was made was that a demand should be made of the drawer when the note should become due, and a notice given to the defendant of its dishonor. But the facts stated by the witness would tend to show that no such promise was made. Does not this contradict the instrument, and would not the precedent tend to shake, if not destroy, the credit of commercial paper?' "

In Specht v. Howard, 16 Wall.(83 U.S.) 564, 566, 21 L.Ed. 348, the court quoted with approval the following sentence from Parsons on Bills and Notes: "It is a firmly settled principle that parol evidence of an oral agreement alleged to have been made at the time of the drawing, making, or indorsing of a bill or note, cannot be permitted to vary, qualify, or contradict, to add to or subtract from the absolute terms of the written contract."

In Brown v. Spofford, 95 U.S. 474, 481, 482, 24 L.Ed. 508, after referring to the foregoing cases and to Forsythe v. Kimball, 91 U.S. 291, 23 L.Ed. 352, the court said: "Parol evidence of an agreement, made contemporaneously with a promissory note which contains an absolute promise to pay at a specified time, is not admissible in order to extend the time for payment, or to provide for the payment out of any particular fund, or in any other way than that specified in the instrument, or to make the payment depend upon condition. Chitty, Contr.(10th Ed.) 99; Abrey v. Crux, Law.Rep. 5 C.P. 41; Allen v. Furbish, 4 Gray (Mass.) 504, 514 [64 Am.Dec. 87]; 2 Pars.Bills and Notes, 501."

In First Nat. Bank v. Tisdale, 18 Hun, 151, affirmed 84 N.Y. 655, it was held that evidence that the maker of a note was only an accommodation maker, and that the president of the bank discounting it agreed orally with him that he should not be called upon to pay it, is not admissible in an action on the note, as it would go to contradict a written instrument. Such parol agreement cannot be pleaded as tending to show a failure of consideration. Henry Weaver, Adm'r, v. Fries, 85 Ill. 356. In Sargent v. Cooley, 12 N.D. 1, 94 N.W. 576, the court held that the terms of a written instrument cannot be varied by parol evidence even though defense on action is failure of consideration. In Castleman-Blakemore Co. v. Pickrell, etc., Co., 163 Ky. 750, 174 S.W. 749, 752, the court said: "The rule that oral evidence is admissible to vary the consideration, stated in a written contract, should not be extended to include every motive that prompts the making of a contract. Here the alleged undertaking on the part of the defendant, though related in a way to the consideration, was purely contractual in its character, and cannot be regarded as a part of the consideration within the meaning of the rule relied on. Where a contract is valid and complete in itself, parol evidence of oth-

er terms should not be permitted under the mere guise of showing consideration." To the same effect are McDonald v. Elfes, 61 Ind. 279; Montgomery R. Co. v. Hurst, 9 Ala. 513; Trustees of Warren Academy v. Starrett, 15 Me. 443; Fellows v. Prentiss, 3 Denio, 512, 45 Am.Dec. 484; State Bank v. Belk, 56 Neb. 710, 77 N.W. 58; Albuquerque Nat. Bank v. Stewart, 3 Ariz. 293, 300, 30 P. 303, 304; Colbert v. First Nat. Bank of Ardmore, 38 Okl. 391, 394, 133 P. 206; Doolittle v. Ferry, 20 Kan. 230, 235, 27 Am.Rep. 166, 170; Kulenkamp v. Groff, 71 Mich. 675, 680, 40 N.W. 57, 1 L.R.A. 594, 15 Am. St.Rep. 283; First National Bank v. Foote, 12 Utah, 157, 42 P. 205; Loomis v. Fay, 24 Vt. 240; Kennedy v. Otoe County Nat. Bank, 7 Neb. 59; Davis v. Randall, 115 Mass. 547, 15 Am.Rep. 146; First Nat. Bank v. Foote, 12 Utah, 157, 42 P. 205.

■ There is another viewpoint from which it seems equally clear that the defendant is liable. An accommodation maker is not liable to the original payee if no consideration exists. But to defeat the liability the action must be by the person accommodated. Here no benefit accrued to the bank as a result of the transaction. Rather the bank released the father from $3,000 indebtedness and accepted the son. Consequently the person accommodated was not the bank but the father.

If the bank were the party accommodated, it could not succeed against the accommodation maker, but as the note was for the accommodation of a third person, not for that of the bank, irrespective of the fact that no consideration moved from the person accommodated to the accommodation maker, the bank may recover from the accommodation maker who has signed for the accommodation of another, and parol evidence of an agreement that he shall not be liable, contradicting the written promise, is of no weight. I believe that all the cases relied upon by defendant, though they may have been decided upon other grounds, will be found upon analysis to be cases where the party accommodated was in fact the bank. Thus in Peterson v. Tillinghast (C.C.A.) 192 F. 287, it appeared that the note was given to the bank solely for its accommodation. The same is true of Bosworth v. Cady, 72 F.(2d) 62 (C.C.A.7th).

Where one indorsed a note at the request of the bank because the bank examiner required it and relied upon the agreement of the president that he would not be called upon to pay the note, in Nalitzky et al. v. Williams, 237 F. 802, 803 (C.C.A.3), the court said: "The first defense is that the indorsement was an accommodation, not to the maker, but solely to the bank, which was obeying an official notice from a bank examiner that the single-name paper could no longer be permitted, and that Nalitzky must furnish an indorser. This defense has no merit, either in fact or in law. The accommodation was to Nalitzky, and not to the bank; and, although the bank knew that Nalitt received no consideration for his indorsement, this is a matter of no importance. New Jersey Negotiable Instruments Act (3 Comp.Stat.N.J.1910, p. 3732) §§ 24, 25, 29; Israel v. Gale, 174 U.S. [391] 395, 19 S.Ct. 768, 43 L.Ed. 1019."

In Skagit State Bank v. Moody, 86 Wash. 286, 150 P. 425, L.R.A.1916A, 1215, where defendant gave a note to a bank for overdue interest on the note of another person held by the bank so as to enable the bank to pass the inspection of the bank examiner, and the interest was credited on the other note, it was held that the accommodation was for the maker of the other note, not for the bank, and that defendant was liable on his note. So, where a bank wished to lend a customer, but had already lent him as much as the law permitted, and therefore induced defendant to give his note for the amount, promising to hold him harmless, it was held that in legal contemplation the borrower, not the bank, was the accommodated party, and that the oral agreement to hold defendant harmless was not admissible; nor, the court held, could defendant be permitted to escape liability on the ground that he gave the note in order that the bank examiner might believe it to be an asset of the bank, since the bank had in fact given value. German American State Bank v. Watson, 99 Kan. 686, 163 P. 637.

It seems to me, therefore, that there is a clear liability upon the part of defendant. A valuable consideration existed for the giving of his note in a similar amount to the reduction of the father's debt. Consequently, a parol agreement setting aside the promise of the written instrument is of no effect. Further, the person accommodated being the father and the bank having given consideration for the note in the release of indebtedness of the father,

the bank is not the accommodated party and may recover upon the note according to its import, despite any parol agreement that it would not prosecute.

The foregoing is adopted as my findings and conclusions of fact and law. There will be a judgment in favor of plaintiff and against defendant for the amount of the original judgment plus interest at 5 per cent. since the date thereof. Proper form may be submitted.

