---

(No. 12356.—Appellate Court reversed; circuit court affirmed.)
WILLIAM C. NIBLACK, Receiver, Plaintiff in Error, *vs.* JOHN W. FARLEY, Defendant in Error.

*Opinion filed February 20, 1919.*

1. APPEALS AND ERRORS—*what is mere legal conclusion and not a finding of fact by Appellate Court.* In a suit on a promissory note by the receiver of the payee bank, a finding by the Appellate Court that the creditors of the bank to which the note was given were not injured by the giving of the note is a mere legal conclusion and not a finding of fact, where it is not based on any evidence heard on the question but upon supposed principles of law applicable from a consideration of the entire case.

2. BILLS AND NOTES—*when receiver may recover on accommodation note to bank.* Where a note is given to a bank as an accommodation, for the purpose of enabling it to continue in business by deceiving the bank examiner as to its assets, a receiver collecting the bank's assets and winding up its affairs after its failure may recover in a suit on the note, and the defense of no consideration cannot be set up by the maker. (*Golden* v. *Cervenka,* 278 Ill. 409, followed.)

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

HIRAM T. GILBERT, and LEWIS, FOX, BLUMBERG & ADELSDORF, (JOSEPH W. MOSES, and HARRY MARKHEIM, of counsel,) for plaintiff in error.

JESSE E. ROBERTS, (ROBERTS & SWAIN, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

William C. Niblack, as receiver of the LaSalle Street Trust and Savings Bank, (hereafter referred to as plaintiff,) sued John W. Farley (hereafter referred to as defendant) in the circuit court of Cook county in an action of assumpsit. A trial was had without a jury and a judgment rendered in favor of plaintiff for $13,845.44 and costs of suit. From that judgment defendant appealed to the Appellate Court for the First District. That court reversed the judgment with a purported finding of fact, and the record is brought to this court on a petition for a writ of *certiorari*.

The declaration consisted of the common counts and a special count on a promissory note for $11,500 given by defendant May 24, 1913, payable on demand to the LaSalle Street Trust and Savings Bank. The facts, about which there is no dispute, are, that defendant was in 1911 a partner in the firm of John W. Farley & Co. That firm borrowed from the LaSalle Street National Bank on October 16, 1911, $10,000, for which the partnership gave a note payable in ninety days, signed with the firm name and guaranteed by defendant. November 28, 1911, the same firm borrowed from the same bank an additional $1500 and gave another note, which was also guaranteed by defendant. Nothing was ever paid on either of these notes. On October 21, 1912, the LaSalle Street National Bank was re-organized and converted into a State bank, which re-organization and conversion are fully described in *Golden v. Cervenka,* 278 Ill. 409. The national bank turned over and assigned all its effects and assets to the LaSalle Street Trust and Savings Bank, and that bank adopted a resolution that in consideration of the assignment to it by the national bank of its cash, accounts receivable, bills receivable, bonds, stock and all other assets and credits, the LaSalle Street Trust and Savings Bank agreed to assume all

the indebtedness of the national bank, of whatever kind or nature. The State bank had substantially the same stockholders and was controlled by the same officers as the national bank. In December, 1911, the defendant and his partner, John A. Murphy, individually and as partners, filed their petition in bankruptcy in the district court of the United States and were adjudged bankrupt. The two notes mentioned were scheduled and filed and proven on December 27, 1911, and nothing has ever been paid on them. These notes were in the possession of the national bank at the time it was succeeded by the State bank, when they passed into the possession of the last named bank. They were carried on the books of the national bank as live assets, and after they passed to the State bank were so carried on its books until its failure, June 12, 1914. On May 24, 1913, defendant executed and delivered to the LaSalle Street Trust and Savings Bank a demand promissory note for $11,500, which is the note specially declared on in the declaration. The defendant pleaded the general issue, want of consideration and discharge in bankruptcy. To the plea of a discharge in bankruptcy plaintiff replied averring a new promise made by defendant May 24, 1913, which was subsequent to the bankruptcy proceeding.

Plaintiff contended (1) that the note for $11,500, dated May 24, 1913, was given by reason of defendant's moral obligation to pay the two old notes aggregating the same amount; and (2) that if this was not so but the last note was given for the purpose of making an appearance of assets so as to deceive the bank examiner and to enable the bank to continue business, defendant is estopped to allege want of consideration and deny liability on the note.

The Appellate Court held, and recited in its finding of facts, that there was no consideration for the $11,500 note; that there was no indebtedness of Farley, as claimed by the plaintiff, and that the creditors of the bank were not injured by the giving of the note.

Defendant testified that the vice-president of the State bank asked him to give the bank an accommodation note so that he might show it to the bank examiner when he came around; that there was no conversation about or any connection between the $11,500 note and the amount defendant previously owed; that he signed the note, and if he had been asked for more would have done the same thing; that he expected the note to be used to show the bank examiner as an asset of the bank. The proof showed it was so used and treated as an asset of the bank. If this be accepted as true, the question then arises whether, after the note had passed with the other assets of the bank to the receiver, who is winding up its affairs for the benefit of its creditors, defendant is estopped to deny liability on the ground that there was no consideration for the note.

The trial court, on motion of plaintiff, at the conclusion of all the evidence found the issues for plaintiff, assessed his damages at $13,845.44 and rendered judgment accordingly. The judgment was the result of the court's conclusion of law rather than the result of its finding from controverted facts. We do not consider this record shows a proper case for a finding of facts by the Appellate Court, and its finding of facts is mainly, if not wholly, a conclusion of law. This is clearly true of the finding that the creditors of the bank were not injured by the giving of the note. That is a mere legal conclusion, not based on any evidence heard upon that particular question but based upon supposed principles of law applicable from a consideration of the entire case. Even if there was no consideration for the note and if the previous indebtedness of defendant no longer existed when the $11,500 note was given and defendant's version of the purpose for which the note was given is correct, still, under the decisions of this and other courts, as a matter of law plaintiff was entitled to recover. Although defendant has attempted to distinguish *Golden* v. *Cervenka, supra,* and some of the cases there cited, we re-

gard them as conclusive of this case if defendant's statement of .the purpose of giving the note is true. The note was given, according to defendant's own statement, for the purpose of enabling the bank to continue in business by perpetrating a fraud upon the bank examiner to the injury of the creditors of the bank. It was placed among the bank's assets as an obligation of defendant and was so considered by the bank examiner who examined the assets of the bank. The suit is brought on the note by the receiver, who is collecting the bank's assets and winding up its affairs for the benefit of its creditors. It would be contrary to public policy and good morals to permit defendant to take advantage of the fraudulent agreement with the bank as against the rights of creditors. This was clearly decided in *Golden* v. *Cervenka, supra,* where, among other things, it was said: "Where notes or other securities have been executed to a bank for the purpose of making an appearance of assets, so as to deceive the examiner and enable the bank to continue business, although the circumstances may have been such that the bank itself could not· have collected the securities, it has been held that the receiver, representing the creditors, could maintain the action, and the makers were estopped, upon the insolvency of the bank, to allege want of consideration." Numerous authorities are cited which support that statement of the law, and we deem it unnecessary to analyze or quote from the decisions, most of which are directly in point.

The judgment of the Appellate Court is reversed and the judgment of the circuit court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*