## Bernard Horwich, Receiver, Defendant in Error, v. David Davis, Plaintiff in Error.

1. Pleading, § 162*—*what is effect of failure to file affidavit of merits.* Where an affidavit of merits does not set up a good defense to the action and the affidavit is stricken and leave to file a further affidavit is not asked and none is on file, the proper practice is to enter judgment for plaintiff as in cases of default.

2. Bills and notes, § 352*—*when defense in action on note is insufficient.* Whether or not an affidavit of merits in an action by a bank receiver to recover on a note, setting up that the note was without consideration and was given as an accommodation only at the request of the vice president of the payee bank, for the purpose of becoming assets of such payee so that the latter might withdraw other negotiable paper then held by it without reducing the assets below the minimum required by law and the rules of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Horwich v. Davis, 220 Ill. App. 40.

bank examiner, and for the further purpose of having the same show as an asset in reports made by the payee bank and furnished to its customers and others, was of no concern to the said receiver, although it was alleged that the bank for which he was receiver obtained the note with knowledge of the facts.

3. BILLS AND NOTES, § 352*—*when secret agreement as to note is no defense.* An affidavit of merits in an action by a bank receiver upon a note did not set up a good defense which alleged that the note was executed in the performance of an illegal act to enable the payee to deceive the bank examiner and others, and that the note was without consideration and was given as an accommodation only at the request of the vice president of the payee bank for the purpose of becoming assets of such payee so that the latter might withdraw other negotiable paper then held by it without reducing the assets below the minimum required by law and the rules of the bank examiner, and for the further purpose of having the same show as an asset in reports made by the payee bank and furnished to its customers and others, and alleged further that the bank for which plaintiff was receiver obtained the note with knowledge of the facts and contrary to a secret agreement that the note should not be negotiated.

4. BILLS AND NOTES, § 332*—*when defense is not available.* The maker of a note given for the purpose of assisting a fraud is estopped from denying its validity when it is sued on for the benefit of those to defraud whom it was made.

5. BILLS AND NOTES, § 260*—*what agreement between original parties is not defense.* The fact that a note reciting on its face that it was given for value received, that it is negotiable and payable without defalcation or discount, was negotiated contrary to a supposed secret agreement between the maker and payee, was no defense against the receiver of a bank who in law was an innocent holder by indorsement before maturity.

6. ACTION, § 17*—*what defenses are not available.* Courts will not listen to defenses based on the positively unlawful acts of a defendant.

Error to the City Court of Litchfield; the Hon. H. C. STUTTLE, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920. *Certiorari* denied by Supreme Court (making opinion final).

GEORGE P. O'BRIEN and LANE, DRYER & BROWN, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Charles LeRoy Brown and Paul McWilliams, for defendant in error.

Mr. Justice Graves delivered the opinion of the court.

This suit was commenced by Bernard Horwich, as receiver of the Ashland-Twelfth State Bank, to recover on a promissory note signed by plaintiff in error and payable to the order of the LaSalle Street Trust & Savings Bank for $10,000, due in 6 months after date with interest from date at the rate of 6 per cent per annum, which by its terms was "for value received, negotiable and payable without defalcation and discount." A declaration was filed, to which was attached an affidavit of claim and a copy of the note sued on. To this declaration plaintiff in error filed pleas and an affidavit, in which the defense relied on is stated to be, in substance, that the note sued on was without consideration and was given to the payee wholly for its accommodation at the request of one Charles B. Munday, then vice president, director and agent of the payee, to be held by the payee as assets and for the purpose of its becoming assets of the payee so that the payee might withdraw other negotiable paper then held by it without reducing its assets below the minimum required by law and the rules of the bank examiner and for the further purpose of having the same show as an asset in the reports made by the payee bank and furnished by it to its customers, other banks and brokerage and investment companies, but with the agreement between the maker and payee thereof made by and through the said Charles B. Munday, its said vice president, that the said note should be held by the payee as its assets and should not be sold, transferred or assigned to or held by any other person or corporation, and that it was to draw no interest, notwithstanding the terms of the note to the contrary; that the said Charles B. Munday was also a director and the president and agent of

the Ashland-Twelfth State Bank and that the said note was transferred by the payee to the said Ashland-Twelfth State Bank and accepted by said bank with full knowledge on the part of the officers and agents of both the payee and the said Ashland-Twelfth State Bank of the fact that the note was an accommodation note and of the terms and conditions upon which the same was given to and accepted by the payee; that the plaintiff, Bernard Horwich, brings this suit in a representative capacity and that the plaintiff paid no consideration for such note. It is nowhere in this affidavit stated that the Ashland-Twelfth State Bank did not pay full value for the said note or that at any time the LaSalle Street Bank was not solvent. This affidavit was stricken from the files of the trial court on motion of defendant in error on the ground that it set up no defense available by plaintiff in error against defendant in error suing as receiver of the Ashland-Twelfth State Bank; that the said affidavit shows that the note was executed in the performance of an illegal act with the intent to assist others in the performance of an illegal act; that defendant is estopped from interposing the defense set up in the affidavit, and that the affidavit does not show that defendant does not hold indemnity for the execution of the note. Thereupon plaintiff in error not asking leave to file any other or further affidavit of merits and there being none on file, the court on motion of defendant in error entered judgment as in cases of default in favor of defendant in error and against plaintiff in error for $12,925 and cost of suit. This was the proper practice provided the affidavit does not set up a good defense to the action. *Firestone Tire & Rubber Co. v. Ginsburg,* 285 Ill. 132-134.

No complaint is made that the amount of the judgment is too large if defendant in error is entitled to a judgment. An attempt was made by plaintiff in error to bring the case to this court by appeal but failed. After that appeal was dismissed and before bringing

this writ of error, the bill of exceptions, which was filed by plaintiff in error under the order of the court allowing the appeal, has been amended and defendant in error has made a motion to strike such amended bill of exceptions from the files of this court which motion this court took with the case. In view of the fact that the judgment will be affirmed, it is unnecessary to discuss the motion to dismiss further than to say it is without merit. It is therefore denied.

But one conclusion can be arrived at upon consideration of the facts set up in the affidavit in question, and that is that the purpose of the payee in requesting plaintiff in error to give the note in question and the purpose of plaintiff in error in giving it was to enable the payee to deceive the bank examiner, as well as the customers and creditors of the payee, existing and prospective, including brokerage and investment companies, and that it was made pursuant to an unlawful combination between the maker and payee deceitfully to lead those dealing with the payee to believe it to have $10,000 worth of assets which in truth and in fact did not exist. Whether or not the facts set forth in the affidavit in question would constitute a defense in case the note was sued on by the payee therein or by the Ashland-Twelfth State Bank or some other assignee with full notice of the character of the note and what transpired between the maker and the payee at the time the same was executed and delivered, it is clear they do not do so when, as in this case, it is sued on by a receiver into whose hands it has come as an asset of such corporation to realize on it for the benefit of the creditors of such bank. The maker of a note given for the purpose of assisting in perpetrating a fraud is estopped from denying its validity when it is sued on for the benefit of those to defraud whom it was made. *Golden v. Cervenka*, 278 Ill. 409; *Niblack v. Farley*, 286 Ill. 536; See also, *Ruvenacht v. German-American Bank of Gridley*, 287 Ill. 266.

It is no answer to say there was a secret agreement that the note should not be assigned or transferred and that this suit is brought by the receiver of an assignee of the same into whose hands it came in violation of such secret agreement. The note on its face recites that it was given for value received and that it is negotiable and payable without defalcation or discount with interest from date, and this supposed secret agreement is an attempt to alter the express terms of the note, and is not binding on an innocent holder of it by indorsement before maturity. *Council Bluffs Iron Works v. Cuppey*, 41 Iowa 104-109; 18 Corpus Juris, 454, note 21.

The receiver of a defunct bank when attempting to marshall the assets of such bank for the benefit of its creditors is in law an innocent holder of such assets. Neither is it available to plaintiff in error as a defense to the note in the hands of the receiver that the officers of the Ashland-Twelfth State Bank knew of the fraudulent character of the note and of the secret understanding as to its negotiability, because, if true, the purchase of it by that bank would be in fraud of the rights of its creditors made possible by the original fraud of plaintiff in error in giving the note for the purpose recited in the affidavit. To establish such a defense it would be necessary to prove that the note was given for the unlawful and fraudulent purposes already mentioned, and courts will not listen to defenses based on the positively unlawful acts of a defendant. *Goodrich v. Tenney*, 144 Ill. 422-430; *Wright v. Cudahy*, 168 Ill. 86; *Pietsch v. Pietsch*, 245 Ill. 454-459; *Golden v. Cervenka*, 278 Ill. 409; *Niblack v. Farley*, 286 Ill. 536.

The affidavit of merits that was stricken from the files by the trial court did not state a defense that was available to plaintiff in error against defendant in error in this case. The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*