Ewald E. Mueller, Receiver of the Kimbark State Bank, Appellant, v. Tillie H. Novak et al., Appellees.

Gen. No. 32,762.

Heard in the third division of this court for the first district at the June term, 1928. Opinion filed January 30, 1929. Rehearing denied February 14, 1929.

WETTEN, PEGLER & DALE, for appellant.

LESLIE A. NEEDHAM, for appellees.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The controversy in this case arises on a bill filed by Ewald E. Mueller, as receiver of the Kimbark State Bank, to foreclose a trust deed made by Tillie H. Novak and her husband, Charles W. Novak, to the Chicago Title and Trust Company as trustee, conveying 13 vacant lots situate in the City of Chicago, and made to

secure the principal note of Charles W. Novak for the sum of $2,700 and one unpaid coupon note for $81, evidencing the last semiannual instalment of interest prior to the maturity of the principal note.

The fact that the trust deed was executed to secure the note of Charles W. Novak for the sum of $2,700 with interest, as charged in the bill, stands undenied by the Novaks. However, they seek to avoid liability upon the ground alleged in their answer to the bill that there was a "total want and failure of consideration." The complainant parried this alleged defense mainly upon the ground that Tillie H. Novak and Charles W. Novak were estopped to assert such a defense. The defenses of a want and failure of consideration are in the first place illogical. One of either might be maintainable, but if there was a total want of consideration, then there could have been no failure of consideration, but be this as it may, the record in our judgment sustains the finding of the master in his report to the chancellor, that the doctrine of estoppel rebutted and made unavailing such defense.

Upon the final hearing before the chancellor of the exceptions of the two Novaks to the master's report, the complainant proffered a second amendment to his bill, which embodied certain facts developed by the evidence of the defendants before the master, which if allowed, would be a bar to their defense. The chancellor denied permission to the complainant to file such amendment and this ruling of the chancellor is assigned and argued as error.

At the time when complainant moved to amend his bill the condition of the record was such that he had a right to make such an amendment. The refusal to allow him so to do was an abuse of judicial discretion and constituted reversible error.

As said in *Prentice v. Crane*, 234 Ill. 302:

"Appellants certainly had the right, under the statute, to amend their bill and introduce allegations to

meet the conditions of the proof after the evidence was heard."

In *South Chicago Brewing Co. v. Taylor,* 205 Ill. 132, the court said:

"The amendment was proper, since a complainant must recover on the case made by his bill, and appellant had a right to answer and contest the case on which appellee claimed relief. . . . It was also proper to allow the amendment after the proofs were taken, so that the allegations and proofs might correspond."

The amendment to the bill proffered by complainant was material and necessary to meet a situation which developed from the proofs of defendants before the master, and such amendment was essential to complainant's cause of action. It has been the policy of courts to be liberal in permitting amendments to pleadings, and as it was so patent that the amendment tendered contained necessary averments to maintain the action as it then was with the proofs made before the master, complainant had the right to have his motion to file such amendment allowed.

It is a maxim of equity that that which should be done will be regarded as done. Therefore, as applied to the record before us, we shall review the case by considering complainant's proffered second amendment to his bill, which should have been allowed, the same as if it had been allowed, and for the purpose of this review will treat such amendment as a part of the record.

The master found, which there was ample evidence taken before him to support, that Charles W. Novak and Frank H. Novak are brothers, and that Frank H. Novak was the attorney for the Kimbark State Bank at the time of and after the execution of the notes and trust deed in suit, and that Charles W. Novak and Frank H. Novak were law partners and were connected in business with Novak and Company and with Novak

Agency and Loan Company; that they were agents and attorneys for Tillie H. Novak, and that after the recording of the trust deed in suit, and in the latter part of July, 1920, said Frank H. Novak and Charles W. Novak delivered the notes and trust deed to the Kimbark State Bank; that Tillie H. Novak knew that the trust deed and notes were in the Kimbark State Bank, and that she never made any demand on the bank for any part of the money represented thereby; that Tillie H. Novak testified that all of her business was transacted by her agents, her husband Charles W. Novak and his brother Frank H. Novak.

The master further found that said notes and trust deed remained with the Kimbark State Bank until the appointment of complainant as receiver thereof, when they came into his hands as such receiver, and were then held by him as such receiver, except that coupon interest notes one, two, three, four and five, had been paid to said Kimbark State Bank by said Charles W. Novak, or by some one for him.

The master further found that though Tillie H. Novak and Charles W. Novak testified that they received no money for the notes involved in the litigation, and the evidence is not clear as to whether or not they received any valid consideration therefor, the evidence seems to the master, he so reports, to be clear, and he so finds that Charles W. Novak and Frank H. Novak were given by Tillie H. Novak full and complete authority to transact business for her in relation to the said trust deed and notes, and that the said Charles W. Novak delivered said notes to said Kimbark State Bank for the purpose of swelling its assets in order to deceive the bank examiners, the depositors of the bank and the public generally; that from the conduct and actions of the said Novaks, above recited, the master concluded that the defendants Charles W. Novak and Tillie H. Novak were estopped to question the right of

the complainant receiver to foreclose on said notes and, trust deed.

And the master further found that the said trust deed was a good, valid and subsisting first lien on the premises therein conveyed for the full amount of the indebtedness described in and secured thereby, with interest charges, fees and disbursements accruing under the terms and provisions of said trust deed and the notes described therein, and in stating the account found that the whole amount due at the time was $4,043.58, and that complainant had a first and prior lien upon the premises conveyed for said last-mentioned sum, together with interest upon $3,693.58 thereof at 5 per cent per annum from January 9, 1928, the date of his report, with costs of suit, and that Charles W. Novak was personally liable to complainant for said sum of $4,043.58 with interest and costs, and the master recommended to the court that a decree of foreclosure and sale be entered in accordance with his findings.

Tillie H. and Charles W. Novak filed objections before the master to his report, which the master overruled, and they were refiled before the chancellor as exceptions to the master's report, which the chancellor sustained, and dismissed the bill for want of equity.

A careful scanning of all the evidence in the record impels us to the conclusion that the master rightfully decided that the doctrine of estoppel was applicable, and that the defendants Tillie H. and Charles W. Novak, by their conduct, were estopped to deny as against the complainant receiver the *bona fides* of the transaction evidenced by the trust deed and notes secured thereby, sought to be foreclosed in this proceeding.

No attempt was made by either Tillie H. Novak or Charles W. Novak to challenge the *bona fides* of the trust deed executed by them to secure the payment of

the $2,700 note of Charles W. Novak, until a little time before the filing of the bill herein, when they filed an intervening petition in the chancery proceeding, winding up the affairs of the Kimbark State Bank, in which they requested that the trust deed and notes in controversy in this litigation be returned to them by the receiver on the contention that they had received no consideration for the same. The issues on the intervening petition were referred to Master in Chancery Doyle, who after hearing the proofs concluded that the intervening petitioners were estopped to reclaim the securities from the receiver. Upon exceptions to such intervening petition being heard by the court, the intervening petitioners dismissed their petition.

The Kimbark State Bank had held these securities continuously for a period of about two and one-half years, during which time they had been held by the bank as part of its assets and so reported to the State auditor of public accounts and to the stockholders of the bank. Under well-settled principles of law the receiver took the trust deed and notes as an innocent purchaser for value. Tillie H. Novak intrusted these securities to her husband and his brother Frank H. Novak, and with knowledge allowed them to pass to the Kimbark State Bank and to be held by it as assets of the bank, and she was bound by the conduct and actions of her agents and attorneys Charles W. and Frank H. Novak. In law their knowledge was imputable to their principal, Tillie H. Novak. *Dewees v. Osborne,* 178 Ill. 39, is a case amply supporting the foregoing statement of law. It was there held that assignments of life insurance policies by the beneficiary, a wife, to a bank to secure her husband's indebtedness are not released by the bank's renewal of notes without her consent, where her husband acting as her agent obtained her general assignment of the policies to the bank, which he delivered to the latter as collateral security for existing or future indebtedness. And it was

further there held that a wife having knowingly permitted a bank to pay heavy premiums on life insurance policies until maturity, a period of over six years, under her assignment thereof to secure her husband's debts, is estopped to claim that the assignments had been released by the bank's renewal of her husband's short-time notes. By analogy the principle of law announced in *Dewees v. Osborne, supra,* is controlling here.

The receiver of an insolvent bank, when attempting to marshal the assets of such bank for the benefit of its creditors, is in law an innocent holder of such assets and may maintain an action like the one at bar, even where the bank itself could not do so. *Golden v. Cervenka,* 278 Ill. 409; *Niblack v. Farley,* 286 Ill. 536.

It is argued that Tillie H. Novak is innocent of any actual wrongdoing in the matter of the trust deed in question. Even conceding, which we do not, for this purpose, that she was innocent of any wrongdoing, still she could not avail of that fact in this proceeding, because the receiver is also an innocent party and, in law, an innocent holder of the security for value without notice of any equitable defenses. The rule is that where there are two innocent persons, one of whom must suffer loss by reason of the wrongful act of a third party, the party who made it possible by his own negligence for the third party to commit the wrongful act must stand the loss. Applying this rule to the instant case, Tillie H. Novak, having by her conduct made it possible for other innocent persons to be deceived, must suffer the loss. *Patton v. Young,* 233 Ill. App. 515; *Drumm Const. Co. v. Forbes,* 305 Ill. 303.

Frank H. Novak testified that several opinions of title to the property covered by the trust deed in suit were given to the bank by the firm of Novak and Novak, and that one of such opinions was dated September 12, 1921, one year and three months after the security was delivered to the bank, and in that opinion, signed in

the firm name by Charles W. Novak, the fee title was certified as being good in Tillie H. Novak, subject to the lien of the trust deed in this foreclosure proceeding.

Tillie H. Novak, as before said, is charged with knowledge of the actions and conduct of her agents and attorneys in not only delivering the securities to the bank, but in furnishing the bank with an opinion that the title to the property conveyed by the trust deed was in her, subject only to the lien of that trust deed.

The trust deed and notes in question were given to the bank and formed a part of its assets for the purpose of swelling its assets and leading the public officers, such as the auditor of public accounts, as well as the stockholders of the bank and those dealing with it, to believe that the securities were a part of the assets of the bank. As said in *Golden v. Cervenka, supra:*

"Where notes or other securities have been executed to a bank for the purpose of making an appearance of assets, so as to deceive the examiner and enable the bank to continue business, although the circumstances may have been such that the bank itself could not have collected the securities, it has been held that the receiver, representing the creditors, could maintain the action, and the makers were estopped upon the insolvency of the bank, to allege want of consideration."

In the case of *Leopold v. Milwaukee-Western State Bank,* 250 Ill. App. —, the whole subject matter of depositing securities for the purpose of swelling the assets of a bank in failing condition is thoroughly discussed with an abundance of supporting authority. As there said:

"Under the evidence given on the trial and the undisputed facts appearing in the record, the plaintiff Leopold was estopped to question the bona fides of the transaction between himself and the State Commercial & Savings Bank or its binding force.' To hold otherwise would defeat the very object which was desired and intended to be attained by all the parties in in-

terest, which was to make good the depleted assets of the bank, and would in effect result in fraud upon the bank's creditors."

And in *Handley v. Drum*, 237 Ill. App. 587, the court said that it is stated as a general rule that a party to a written contract may not contradict the terms of his contract by parol; that a defendant in an action on a note, unconditional in its terms, cannot show by parol, even as against the payee, that the parties had an understanding that the contract was in fact conditional, and further, that an agreement that the note in question was not to take effect until sufficient dividends had been declared upon the shares of stock in consideration of which the note was given, to amount to the face value of the note, with interest, did not affect the delivery of the note, but merely made its payment conditional, and consequently parol proof would not be received to contradict the express terms of the note. *First Nat. Bank of Mt. Carmel, Ill. v. Holsen*, 245 Ill. App. 75; *State Bank of West Pullman v. Hovnanian*, 250 Ill. App. 144.

It is clear that the Novaks are estopped from challenging the *bona fides* of the transaction between Tillie H. Novak and Charles W. Novak and the Kimbark State Bank, involving the trust deed securing the $2,700 note, sought to be foreclosed in this suit. The parties are bound by the terms and conditions of said trust deed and the notes secured thereby.

For the foregoing reasons the decree of the circuit court is reversed, and the cause is remanded with directions to the circuit court to allow the second amendment proffered on the trial by complainant to be filed, and to enter a decree confirming the master's report, and ordering a sale of the property conveyed by the trust deed for the amount found due by the master, with interest thereon subsequently to the date of said report accruing.

*Reversed and remanded with directions.*

WILSON and RYNER, JJ., concur.