**Phil J. Boller, Defendant in Error, v. John N. Feid, Plaintiff in Error.**

**Gen. No. 34,415.**

Heard in the third division of this court for the first district at the June term, 1930. Opinion filed March 11, 1931.

BERNARD F. CUMMINGS, for plaintiff in error; GEO. F. ORT, of counsel.

DENEEN, HEALY & LEE, for defendant in error; ROY MASSENA and MARSHALL A. PIPIN, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Pursuant to the entry of a judgment by confession in the municipal court of Chicago for $2,584.33 in favor of plaintiff and against defendant, based on a note for $2,000 and including interest and attorney's fees, the defendant filed a motion, supported by his verified petition, asking that the judgment be vacated and he be allowed to interpose his defense in said cause. The court allowed the motion, ordered that the judgment stand as security, stayed execution which had issued

prior thereto, and ordered the cause to proceed to hearing. Upon the trial had before the court without a jury judgment was rendered in favor of plaintiff in the sum of $2,584.33. This writ of error is prosecuted to reverse that judgment.

The essential facts disclose that in January, 1922, the State Commercial & Savings Bank had suffered losses to the extent of approximately $300,000, and that the auditor of public accounts then demanded that these assets be made good or the bank be closed, and that until new assets could be placed in the bank he required a guaranty from the directors; that subsequently new assets, including among others the note of one W. S. Adams, were placed in the bank and the directors were thereupon discharged from their guaranty; that in March, 1923, the financial standing of the bank being again impaired, Joseph Stein, its president, requested defendant, as a stockholder in said bank, to give securities to aid the bank and make good the depleted assets; that the defendant, complying with this request, executed and delivered to the bank two or three $1,000 notes for the purpose of having them carried as assets and to be shown as such to the auditor upon examination of the bank's finances; that in November, 1923, plaintiff executed the note in suit as a renewal of notes previously made; that the note in question was signed by defendant and made payable to the order of "myself" and indorsed by defendant; that the note sued on was given for the same purpose as the original note and with the understanding that defendant was not to pay interest thereon and that the bank would take care of the note and return it to him when no longer needed.

There is some conflict in the evidence as to whether the original notes of defendant were given to apply on and to pay the balance due on the note of W. S. Adams, but defendant himself testified that he did not know

Adams, had no reason to pay the balance due on his note and did not receive the note, and the court evidently found this to be the fact, but whether the note was given to apply on the Adams note or merely as an addition to the assets in the bank, it appears to be clear from the record that its purpose was to make a showing to the auditor in order to enable the bank to remain open.

When the bank was closed in February, 1924, for insolvency and a receiver appointed to take possession of its assets, its liabilities exceeded the assets by more than $86,000. As a result of this condition a new bank, The Milwaukee-Western State Bank, was formed under the auspices of . a committee of depositors and stockholders, with new capital and under an arrangement whereby the depositors, who could not hope to receive the full amount of their deposits in the State Commercial & Savings Bank, took 50 to 75 per cent of their deposits in stock of the new bank. Defendant was one of the stockholders and depositors in this organization. The Milwaukee-Western State Bank then bought of the receiver, and he sold, assigned and transferred, all of the assets of the State Commercial & Savings Bank in return for the assumption by the Milwaukee-Western State Bank of all liabilities of the old bank, including stockholders' liability, and the new bank paid the costs of the receivership, including receiver's and attorney's fees. Among the assets so transferred to the Milwaukee-Western State Bank, was the note of defendant for $2,000. This note was carried as an asset of the new bank until May, 1926, when, owing to the weakened condition thereof, the bank auditor ordered $30,000 worth of assets, including defendant's note, to be removed and new assets substituted. As a result 12 of the directors of the new bank, including plaintiff, bought these assets and paid the face value thereof, each contributing $2,500. These

assets, including the note of defendant, were then taken out of the bank and delivered to the purchasers, who subsequently turned them over to their attorney for collection with instructions to confess judgment on defendant's note in the name of Phil J. Boller, plaintiff herein. The defendant was a director of the State Commercial & Savings Bank for about a month before it was closed and in accordance with the agreement whereby its assets were bought by the new bank, he defended a stockholders' liability suit brought against the stockholders of the State Commercial & Savings Bank, in which he was included.

*Niblack v. Farley,* 286 Ill. 536, applying the doctrine announced in *Golden v. Cervenka,* 278 Ill. 409, lays down the rule that one who executes notes or other securities to a bank for the purpose of making an appearance of assets, so as to deceive the examiner and enable the bank to continue business, is estopped, as against the receiver of the bank, to plead want of consideration. Defendant seeks to exclude this case from the operation of the principle announced in the foregoing cases by stressing the fact that (1) this is a suit by the assignee or transferee of the receiver and not the receiver himself; (2) that it does not appear that at the time the State Commercial & Savings Bank was closed, the losses of the bank were any greater or the bank any more insolvent than when defendant gave his original notes nearly a year prior thereto; and (3) that there was no deception of the auditor since he had prior to the execution of the original notes demanded that the deficit then existing be made good by new assets.

With respect to the first of these contentions, it is argued that these were accommodation notes, and that plaintiff was not a holder in due course. It has been held that the receiver of an insolvent bank, when attempting to marshal the assets of such bank for the

benefit of its creditors, is in law an innocent holder and may maintain an action even where the bank itself could not do so. (*Mueller v. Novak,* 251 Ill. App. 262.) One of the rights of an innocent holder of negotiable paper is the privilege to sell and transfer title and therefore when the receiver of the State Commercial & Savings Bank assigned the note sued on to the Milwaukee-Western State Bank, which in turn passed the same right to plaintiff, the latter acquired the right to bring suit by reason of the transfer or assignment to him. To hold otherwise would make it insecure for persons to buy of a receiver the assets of defunct banks, for the purchaser would have no assurance that he could collect thereon. The defenses made could not have been asserted against the receiver if he had sued on the note, and can therefore not be interposed as against plaintiff.

Defendant further contends that the losses of the State Commercial & Savings Bank were no greater at the time the receiver was appointed than when his notes were executed, and from this it is argued that the creditors of the bank were not injured by the transaction. It appears, however, from the evidence of Joseph Stein, president of the bank and one of the defendant's own witnesses, that the assets decreased between these two dates; that while the capital remained intact, the surplus had become depleted and that when the bank was closed liabilities exceeded assets by more than $86,000, and when the assets of the bank were assigned by the receiver to the Milwaukee-Western State Bank, the shortage of the bank exceeded the capital stock, surplus and undivided profits by some $26,000. Thus the loss to depositors was greater when the bank was closed than it would have been when the notes were executed. In the interim between these dates the public continued to deposit money in reliance on the responsibility of the bank, as evidenced by the

fact that the State auditor, whose duty it was to determine the soundness of the bank, allowed it to continue doing business and defendant, a stockholder of the bank, having knowingly and intentionally placed his notes among the assets of the bank for the very purpose of making a showing to the auditor so as to keep the bank open, is estopped to assert that his notes were merely accommodation paper for which no consideration passed.

Considerable reliance is placed by defendant on the case of *McComb v. Jacobs,* 256 Ill. App. 141. In that case the court held that the receiver could not recover against the defendant who had given his note at the request of an officer of the bank to be used for a few days to cover some papers of the bank then in transit. The decision, however, is clearly based on the ground that the condition of the bank had not been shown and that from all that appeared there was sufficient to pay all creditors in full and that there actually was paper in transit at the time the defendant's note was given. In other words, the court held that "the proofs must show that the giving of the note or the acceptance of it by the bank was to accomplish in some manner a fraud." The *McComb* case is not at variance with *Niblack v. Farley, supra.* The record in the instant case discloses facts from which fraud is evident.

It is further urged that the auditor was not deceived, since he had prior to the execution of the original notes demanded that the deficit then existing be made good by new assets. As to this contention we consider it sufficient to point out that the auditor in ordering replacement had in mind valid securities upon which the bank itself could collect, otherwise the rehabilitation would amount to nothing more than mere figures on the books of the bank, and consequently any secret agreement by the bank's officers that it would not require defendant to pay the notes would be a clear de-

ception on the auditor who allowed the bank to remain open on the strength of this and other apparent assets.

Defendant further urges as a ground for reversal that this suit was improperly brought in the name of plaintiff. It is argued that since 12 persons each contributed $2,500 to make up the $30,000 used for the purchase of the notes, including the one sued on, the suit should have been maintained in the name of all 12; also that there is no evidence to prove that the note in suit was ever delivered to the plaintiff. The latter point may be disposed of by reference to the pleadings. The statement of claim alleges that the note was "delivered to plaintiff for value, who is the legal owner thereof." This statement is supported by an affidavit of claim. There being no denial of delivery by defendant's affidavit of merits, the allegation will be taken as admitted and the question cannot now be raised. It was so held in *Lindenthal v. Northwest State Bank,* 221 Ill. App. 145, as applicable to municipal court procedure.

As to whether plaintiff is a proper party, it should be noted that the note sued on is a bearer instrument to which title passed by delivery. Plaintiff was one of the 12 persons who directed judgment to be taken, and since the note was past due, the judgment obtained in favor of plaintiff is sufficient protection against suit by any of the other parties. It was so held in *Lyman v. Kline,* 128 Ill. App. 497, where the court said:

"Appellants (defendants) were not denied the benefit of any defense which they could have made had all the parties interested in these notes been parties to the suit. Their rights have in no way been curtailed or affected to their disadvantage. It is well settled that where a note is indorsed in blank suit may be brought in the name of any person who does not object, about which a defendant has no concern and cannot be heard

to complain. *Whitford v. Herling,* 60 Ill. App. 413; *Henderson v. Davisson,* 157 Ill. 379.''

There are other objections relating to the admissibility of evidence and the degree of proof required to establish fraud, but we believe the record amply supports the conclusions of the trial court upon the essential facts established by competent evidence and its conclusions of law, as here discussed, to establish defendant's liability.

For the reasons stated the judgment of the municipal court will be affirmed.

*Affirmed.*

WILSON, P. J., and HEBEL, J., concur.